IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| GARY GIOVON LYNN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:24CV194 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

ORDER AND RECOMMENDATION

    Petitioner, a state prisoner also convicted in this Court in case 1:16CR287-1, submitted a letter seeking to have his future federal sentence run concurrently with the state sentence he is now serving. He already raised this issue in his criminal case in this Court by seeking to have the sentencing judge issue a recommendation to the United States Bureau of Prisons on running of the sentences. The sentencing judge found that he did not have authority to grant Petitioner's request and that, even if he did, he would not exercise that authority in his case. (1:16CR287-1, Docket Entry 46.) Petitioner now seeks to raise the issue again but provides no additional argument allowing action by this Court. Because the current letter is an attack on the execution of Petitioner's sentence, the Court treated the filing as an application for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241 because, where a petitioner attacks the execution and not the imposition of a sentence, his petition invokes § 2241. See Setser v. United States, 566 U.S. 231, 244 (2012) ("[T]he Bureau of Prisons . . . ultimately has to determine how long the District Court's sentence authorizes it to continue [the defendant's]

confinement. [The defendant] is free to urge the Bureau to credit his time served in state court based on the District Court's judgment that the federal sentence run concurrently with the state sentence for the new drug charges. If the Bureau initially declines to do so, he may raise his claim through the Bureau's Administrative Remedy Program. See 28 CFR § 542.10 et seq. (2011). And if that does not work, he may seek a writ of habeas corpus. See 28 U.S.C. § 2241."); see also United States v. Wilson, 503 U.S. 329, 334-35 (1992) ("After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence. . . . Federal regulations have afforded prisoners administrative review of the computation of their credits . . . and prisoners have been able to seek judicial review of these computations after exhausting their administrative remedies.").

Petitioner did not use the proper forms, pay the filing fee, or seek *in forma pauperis* status. Therefore, this matter should be dismissed. Moreover, the Court notes that in a § 2241 action challenging the execution of the sentence of a petitioner in physical custody within the United States, the petition should be filed in the district court of the district where the petitioner is in custody after he exhausts his administrative remedies within the Bureau of Prisons. See Kanai v. McHugh, 638 F.3d 251, 255 (4th Cir. 2011) (citing Rumsfeld v. Padilla, 542 U.S. 426, 446-47 (2004)). After exhausting those remedies, Petitioner should seek the proper forms from the Clerk of that district and file any § 2241 petition there.

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation of dismissal with permission to file a new petition in the proper district after exhausting any available administrative remedies.

2

Case 1:24-cv-00194-WO-JLW    Document 2    Filed 03/13/24    Page 2 of 3

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS RECOMMENDED that this action be dismissed *sua sponte* without prejudice to Petitioner filing in the proper district after exhausting any available administrative remedies.

This, the 13th day of March, 2024.

/s/ Joe L. Webster
United States Magistrate Judge